3157284.001/ LS2

IN THE CHAMPAIGN COUNTY COURT OF COMMON PLEAS
CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| State Farm Fire and Casualty Company<br>a/s/o Doug Hoffman<br>P.O. Box 106173<br>Atlanta GA 30348-6173 | )<br>)<br>)<br>)<br>) | Case No.<br><br>Judge  24CV 55 |
| Plaintiff | )<br>) | |
| | ) | **COMPLAINT** |
| vs. | )<br>) | |
| Lennox International Inc.<br>c/o Corp. Service Co, Registered Agent<br>211 E 7th St Suite 620<br>Austin, TX 78701 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant | ) | |

FILED 2024 APR 15 PM 2:32
TERRY S. UNDERWOOD
COMMON PLEAS COURT
CHAMPAIGN COUNTY, OHIO

Now comes the Plaintiff, through counsel, and for its Complaint against Defendant states the following:

### PARTIES

1. Doug Hoffman ("Insured") is an individual that resides in Urbana, Ohio.

2. At all times relevant, Plaintiff State Farm Fire and Casualty Company ("Plaintiff") provided a policy of insurance covering Insured and Insured's property, located at 201 W Reynolds Street, in Urbana, OH.

3. Defendant Lennox International Inc. ("Defendant") is a corporation organized in the State of Delaware, with its principal place of business located in Dallas, Texas.

### JURISDICTION

4. This court has jurisdiction to hear this case as the loss that gives rise to Plaintiff's claim arose in Champaign County, Ohio.

5. Upon information and belief, Defendant is a company that regularly conducts business the State of Ohio and contracts with residents of Champaign County, Ohio.

6. Upon information and belief, Defendant contracted with Insured for purchase and installation of a Lennox brand mid-efficiency gas furnace in Insured's Urbana, Ohio home.

7. Upon information and belief, Defendant performed the subject service/work that resulted in the loss complained of herein.

8. Upon information and belief, Defendant is/was a manufacturer, seller, supplier, and/or distributor of furnace products, at all times relevant herein.

9. Upon information and belief, Defendant regularly sells, supplies and/or distributes products and transacts business in the State of Ohio.

10. Upon information and belief, Defendant manfactured, designed, sold, supplied, and/or distributed the Lennox ML180DF mid-efficiency gas furnace that is the subject of this action (the "Product").

## BACKGROUND

11. On September 27, 2022, the recently installed Product caught fire in Insured's home, located at 201 W Reynolds Street in Urbana, Ohio.

12. Upon information and belief, the cause and origin of the fire was a second user information manual sitting on the heat exchanger inside the Product, which caught fire while the Product was in operation.

13. Upon information and belief, the installer of the Product had removed the first information manual from the Product and/or Product packaging and gave said manual to Insured after installation.

14. Upon information and belief, neither the installer nor Insured had any reason to believe that a second combustible manual would be present inside the Product.

15. Upon information and belief, the subject manual was left inside the Product during manufacturing and/or assembly of the Product by Defendant.

## COUNT I
## MANUFACTURER LIABILITY

1. Plaintiff incorporates all of the preceding allegations as if fully rewritten herein and further states:

2. Defendant is a manufacturer, as defined by Ohio Revised Code § 2307.71, who designed, produced, created, made, constructed, and/or assembled the Product.

3. The Product is a "product," as defined by Ohio Revised Code § 2307.71.

4. The Product was defective in manufacture and/or construction, pursuant to Ohio Revised Code § 2307.74 as, upon information and belief, it deviated in a material way from Defendant's design specifications and/or performance standards, and/or from otherwise identical units manufactured to the same design specifications and/or performance standards, when it left Defendant's control.

5. The Product was defective in design, pursuant to Ohio Revised Code § 2307.75, as, upon information and belief, the foreseeable risk associated with its design formulation exceeded the benefits associated with the design, when it left Defendant's control.

6. Insured was a consumer which was reasonably foreseeable as being subject to harm caused by a defect in the Product.

7. As a direct and proximate result of its defective manufacture and/or construction and design, on or about September 27, 2022, the Product failed, caught fire, and damaged Insured's property.

8. As a direct and proximate result of the Product failure, Insured sustained damages in the amount of $85,388.98.

9. Plaintiff compensated Insured for the loss, thereby becoming subrogated to rights and claims.

## COUNT II
## SUPPLIER LIABILITY

10. Plaintiff incorporates by reference all of the preceding allegations as if fully rewritten herein, and further states:

11. Defendant is a "supplier," as defined by the Ohio Revised Code § 2307.71, which, in the course of its regular business, sold, distributed, leased, and/or otherwise participated in placing the Product in the stream of commerce.

12. The Product is a "product," as defined by the Ohio Revised Code § 2307.71.

13. Upon information and belief, the Product did not conform to representations made by Defendant at the time it left Defendant's control, directly and proximately causing Insured to sustain damages.

14. Defendant breached its duty to Insured by failing to detect and remove the information manual that was present inside the Product, directly and proximately causing Insured to sustain damages.

15. As a direct and proximate result of Defendant's breach of its duty, Insured sustained damages in the amount of $85,388.98.

16. Plaintiff compensated Insured for the loss, thereby becoming subrogated to rights and claims.

## COUNT III
## STRICT LIABILITY

17. Plaintiff incorporates by reference all of the preceding allegations as if fully rewritten herein, and further states:

18. Pursuant to § 2307.78 of the Ohio Revised Code, Defendant is subject to liability for compensatory damages based on this product liability claim, pursuant to § 2307.71-2307.77 of the Ohio Revised Code, as if it were the manufacturer of the Product, when the manufacturer of the Product is or would be subject to liability for compensatory damages based on a product liability claim under § 2307.71-2307.77 of the Ohio Revised Code, if:
    a. the manufacturer of the Product is not subject to judicial process in Ohio;
    a. Plaintiff will be unable to enforce a judgment against the manufacturer of the Product due to actual or asserted insolvency of the manufacturer;
    b. Defendant owns, or, when it supplied the Product, owned (in whole or in part), the manufacturer of the Product;
    c. Defendant is owned, or, when it supplied the Product, was owned (in whole or in part), by the manufacturer of the Product;
    d. Defendant created or furnished the manufacturer with the design or formulation that was used to produce/create/make/construct/ assemble or rebuild the Product and/or its component parts;
    e. Defendant altered, modified, or failed to maintain the Product after it came into Defendant's possession, and before it left Defendant's possession, and the alteration, modification, or failure to maintain the Product rendered it defective;
    f. Defendant marketed the Product under Defendant's own label or trade name; **or**
    g. Defendant failed to respond timely and reasonably to a written request by or on behalf of Plaintiff to disclose to Plaintiff the name and address of the manufacturer of the Product.

19. Defendant should be held liable as if it were the manufacturer of the Product, pursuant to § 2307.78 of the Ohio Revised Code.

## COUNT IV
## BREACH OF WARRANTIES

20. Plaintiff incorporates by reference all of the preceding allegations as is fully rewritten herein, and further states:

21. Upon information and belief, Defendant expressly and impliedly warranted the Product to be merchantable and fit for the purpose for which it was intended when Defendant sold, supplied and/or distributed the Product to Insured.

22. The Product, upon information and belief, was defective in manufacture, construction, and/or design, and was therefore not merchantable and was not fit for its intended use.

23. Furthermore, upon information and belief, Defendant knew or should have known that the Product was not merchantable and was unfit for its intended use, thereby breaching Defendant's express and implied warranties of merchantability and fitness for intended use.

24. As a direct and proximate result of Defendant's breach of its express and implied warranties of merchantability and fitness for intended use, Insured sustained damages in the amount of $85,388.98.

25. Plaintiff compensated Insured for the loss, thereby becoming subrogated to rights and claims.

Wherefore, Plaintiff requests judgment against Defendant in the amount of $85,388.98 with statutory interest from the date of judgment, and costs of this action.

Respectfully submitted,

Steven Alsip, #0083565
Attorney for Plaintiff
Rathbone Group, LLC
1250 Granger Rd
Cleveland, OH 44131-1234
(800) 870-5521
(216) 298-4495 fax
processing@rathbonegroup.com